IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

SPARTA INSURANCE CO.,

    Plaintiff,

v.

RED ROCK, LLC, SONIC OF CLEVELAND #1860 LLC, AND MITCH ELLIOTT

    Defendant,

CIV. NO. 3:11-CV-13
Jordan/Guyton

## COMPLAINT FOR DECLARATORY JUDGMENT

SPARTA Insurance Co. ("SPARTA") seeks a declaration that it has no duty to indemnify Defendants under SPARTA Policy No. 027-CP-00030 (the "Policy"), in connection with an August 21, 2010 subsidence event at a Sonic Drive-In Restaurant owned, operated, and managed by Defendants.

### Parties

1. SPARTA is a Connecticut corporation, with its principal place of business in Hartford, Connecticut, and is the issuer of SPARTA Policy No. 027-CP-00030, effective May 1, 2010 through May 1, 2011 (the "Policy").

2. Mitch Elliot is a resident of 118 North Peters Road, Knoxville, Tennessee, and is a Named Insured under the Policy.

On information and belief, Mr. Elliot is a principal in Sonic of Cleveland, LLC, as further described below.

3. On information and belief, Sonic of Cleveland, LLC, is a limited liability company organized and existing under the laws of Georgia, with its principal place of business in Knoxville, Tennessee. Sonic of Cleveland, LLC, is also a Named Insured under the Policy.

4. On information and belief, Red Rock, LLC, is a limited liability company organized and existing under the laws of Tennessee, with its principal place of business in Knoxville, Tennessee. On information and belief, Red Rock, LLC, is the owner of the Restaurant (as defined below), and has asserted rights to reimbursement of its alleged loss under the Policy.

5. For purposes of this declaratory judgment complaint, Elliot, Sonic of Cleveland LLC, and Red Rock LLC are referred to collectively as "Defendants."

## Jurisdiction and Venue

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because the action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(a), because a substantial part of the events or

omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, in this judicial district.

## Factual Background

8. The SPARTA Policy was issued to Defendants in Knoxville, Tennessee, effective May 1, 2010. The Policy provides first-party coverage, subject to various exclusions, conditions, and limitations, for several properties owned or managed by Defendants.

9. One of the properties covered by the Policy is a Sonic Drive-In Restaurant at 1121 South Main Street, Cleveland, GA 30528 (the "Restaurant"), which is owned, operated, and/or managed by Defendants.

10. On or around August 21, 2010, a significant subsidence (downward movement) of earth took place in the vicinity of a 42-inch underground steel pipe that runs underneath a portion of the Restaurant premises. That subsidence resulted in the collapse of a portion of a paved parking lot, and damage to certain other Restaurant property.

11. Defendants have made a claim for coverage, under the Policy, for various items of damages allegedly incurred in connection with this event (the "Claimed Loss").

12. The Policy contains an Earth Movement Exclusion, which provides, in pertinent part, as follows:

> B. <u>Exclusions</u>
>
> 1. We will not pay for loss or damage caused directly or indirectly by any of the following. **Such loss or damage is excluded regardless of any other cause or event that contributed concurrently or in any other sequence to the loss:**
> . . . .
>
> [b] **Earth Movement** . . .
>
> 4. **Earth sinking (other than sinkhole collapse)** rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion improperly compacted soil **and the action of water under the ground surface.**

(Emphasis added.)

13. Defendants' Claimed Loss was, in whole or in part, the result of "earth sinking (other than sinkhole collapse), rising or shifting, including soil conditions which cause ... disarrangement of ... other parts of realty." As a result, there is no coverage for Defendants' Claimed Loss, "regardless of any other cause or event that contributes concurrently or in any sequence to the loss."

14. In addition to the Earth Movement Exclusion, the Policy contains various other applicable conditions, exclusions and limitations, which SPARTA identified to Defendants by letter dated September 8, 2010. Even if the Earth Movement Exclusion did not apply, these other conditions, exclusions, and limitations would bar coverage for Defendants' Claimed Loss.

15. Based on the conditions, exclusions, and limitations identified above, SPARTA has declined coverage for the Claimed Loss. Defendants dispute SPARTA's declination of coverage, and assert that they are entitled to coverage under the Policy for the Claimed Loss in this case.

## COUNT I
### (Declaratory Judgment)

16. SPARTA incorporates by reference the allegations of paragraphs 1 through 15, above, as if set forth in full herein.

17. An actual controversy exists between the parties concerning the existence and extent of any obligation on the part of SPARTA to provide coverage to Defendants in connection with the Claimed Loss. This controversy is substantial and immediate and justifies a grant of declaratory relief by this Court.

18. SPARTA seeks a declaration that it is not obligated to provide coverage to Defendants, under the Policy, with respect

to any Claimed Loss arising out of the subsidence event on August 21, 2010.

## REQUEST FOR RELIEF

WHEREFORE, SPARTA respectfully prays that this Court enter judgment in its favor and against Defendants, by:

A.  entering judgment in favor of SPARTA, and against each of the Defendants, on all counts set forth herein;

B.  declaring and determining that SPARTA is not obligated to provide coverage to Defendants, under the Policy, with respect to any Claimed Loss arising out of the subsidence event on August 21, 2010;

C.  awarding SPARTA its reasonable attorneys fees and costs in connection with this action; and

D.  awarding SPARTA such other and further relief as the Court deems just and proper.

Respectfully submitted,

SPARTA INSURANCE CO.

By counsel,

_/s/ Russell E. Stair_
Russell E. Stair, Esq.
   (Bar No. 23033)
BASS, BERRY & SIMS
1700 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee  37902
Ph:  865-521-2021
Fax:  866-299-5619
E-mail:  rstair@bassberry.com

Of counsel

Eric Hermanson, Esq.
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
Ph: (617) 239-0289

Dated: January 11, 2011